ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MACIEJ PAWLOWSKI,

                                      Plaintiff,

-against-

KITCHEN EXPRESSIONS INC., JOEL JACOBS,
and, SHIRA JACOBS

                                      Defendants.

**Doc. No.:**

**JURY TRIAL DEMANDED**

-----------------------------------------------------------------X

## COMPLAINT

1. Plaintiff Maciej Pawlowski ("Plaintiff"), by his attorneys, Robert Wisniewski P.C., as and for his Complaint against the Defendants Kitchen Expressions Inc., ("Corporate Defendant"), Joel Jacobs ("Joel"), and Shira Jacobs ("Shira") (collectively, the "Individual Defendants" ) (Corporate Defendant and Individual Defendants are hereinafter collectively referred to as "Defendants") states as follows:

## NATURE OF THE ACTION

2. Plaintiff brings this action against Defendants to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of

1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

3. Plaintiff also brings this action against Defendants for Defendants' failure to comply with the NYLL §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide at the time of hiring, and on an annual basis, wage notices which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be up to a maximum of $2,500.00 or $5,000.00, as the case may be, per employee as well as other damages and attorneys fees and costs and disbursements.

4. The Corporate Defendant is in the business of construction and home renovation.

5. Plaintiff was employed by Defendants as a kitchen installer for approximately 26 years. Plaintiff has performed labor and services as an employee as defined by the FLSA, NYLL, and the various regulations, policy statements, and wage orders promulgated thereunder, but Plaintiff did not receive the proper compensation required by the FLSA, NYLL, the various regulations, policy statements, and wage orders promulgated thereunder, and the common law of the State of New York.

6. Plaintiff regularly worked over forty hours per week, but was not properly compensated

for overtime hours at the overtime premium rate.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff, at all relevant times herein, was and still is a resident of the State of New York, New York County.

8. At all relevant times herein, the Corporate Defendant was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 1412 Coney Island Avenue, Brooklyn, New York 11230.

9. The Individual Defendant Joel at all relevant times herein was and is a resident of the State of New Jersey, Bergen County.

10. The Individual Defendant Shira at all relevant times herein was and is a resident of the State of New Jersey, Bergen County.

11. The Individual Defendants were, at all times relevant herein, officers, directors, managers and/or majority shareholders of Corporate Defendant, and as some of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law **(Exhibit 1).**

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 201 et seq. (FLSA); and 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in

that the employees of said Defendants produce, sell, handle or otherwise work on goods that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

14. This Court has personal jurisdiction over the Corporate Defendant in that it is a business incorporated in the State of New York.

15. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

16. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

*Facts Relating to Plaintiff's Employment*

17. Defendants own and operate a home renovation business, which sells and installs among other things, kitchen cabinetry and customized bathrooms.

18. In or about June 1988, Plaintiff entered into an oral contract with Corporate Defendant whereby Plaintiff would serve as a kitchen installer for the Corporate Defendant in exchange for a specific hourly wage of $7 per hour.

19. From about January 2008, until the end of his employment in 2014, Plaintiff's wage was $20 per hour.

20. Plaintiff regularly worked every Monday through Friday for 12 hours per day. Additionally, Plaintiff regularly worked every Sunday during the summer months each year.

21. Plaintiff regularly departed Defendants' warehouse at 7:00 a.m. every weekday. During

this time, Plaintiff would pick up co-workers and crew members in Defendants' van and then travel to various job sites within the Tri-state area. Plaintiff would arrive at a job site approximately two hours after he picked up co-workers and crew members.

22. At the end of each job assignment, Plaintiff would drop off his co-workers and crew members to their respective homes and return the van to Defendants' warehouse, approximately two hours later.

23. Defendants only paid Plaintiff from the time he arrived at a job site to the moment he left.

24. Defendants did not pay Plaintiff for the time he spent traveling to the warehouse in the morning to pick up the van, the time he spent picking up employees and crew members, or for the time he spent traveling to job sites.

25. Defendants also failed to pay Plaintiff in the evenings, when he left a job site, dropped off his co-workers and crew members at their respective homes, and drove back to the warehouse.

26. Defendants also failed to pay Plaintiffs for travel from one job site to another on days when Plaintiff had to do numerous job assignments in a day.

27. Since Plaintiff's employment began, Defendants' payment of wages have always been irregular and unsystematic.

28. Defendants compensated Plaintiff in two ways. First, Defendants issued Plaintiff checks reflecting about 60% of Plaintiff's earned wages per week. Then, Defendants would pay Plaintiff 40% of his earned wages per week in cash. Plaintiff almost always had to wait to receive the remaining 40% of his wages from Defendants.

29. Plaintiff regularly made complaints to the Individual Defendants about the delay in his

pay. Specifically, Plaintiff would complain that he had not received the full amount owed to him. The Individual Defendants gave Plaintiff excuses, and told him to be patient.

30. Plaintiff almost always had to wait approximately four to five weeks to receive the remaining 40% of his wages from Defendants.

31. Despite being a non-exempt employee performing non-exempt duties throughout his employment, Plaintiff was paid $20 per hour straight time, but was not paid the proper premium rate for his work in excess of forty hours per week.

32. Plaintiff voluntarily quit his employment on or about September 15, 2014.

***Facts Relating to Defendants' Violations of NYLL § 195.1***

33. In accordance with the NYLL §195.1, which is operative as of January, 2011, an employer must, at the time of an employee's hiring, and then annually, present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "<u>Wage Notice</u>"). By the changes enacted to the NYLL, the annual presentment of the wage notice subsequent to hiring was dispensed with as of February 1, 2015.

34. Upon his hire, Plaintiff never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL

§195.1.

35. Defendants failed to present Plaintiff with annual wage notices for the years 2011 through 2014.

36. Defendants were aware or should have been aware that this practice was in violation of NYLL, but continued to willfully engage in this unlawful practice.

37. Upon information and belief, Defendants continue to violate NYLL §195.1 to date.

*Defendants' Failure to Pay Proper Wages was Willful*

38. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at an overtime premium of 150% of their regular rate for each hour worked in excess of 40 and to make, keep and preserve proper payroll records.

39. The Individual Defendants were aware of their requirement to pay Plaintiff for each hour worked and at an overtime premium of 150% of his regular rate for each hour worked in excess of forty hours per week.

40. As such, the various violations of the law which are alleged herein were committed intentionally and/or willfully by the Individual Defendants.

41. Defendants have failed to take any steps to ascertain their duties with respect to the payment of wages to employees.

42. Defendants willfully and intentionally refused to pay Plaintiff at the overtime premium rate for hours worked in excess of forty hours per week.

43. Defendants willfully and intentionally refused to pay Plaintiff on time, despite of the fact that Plaintiff complained, on a weekly basis, to his supervisors that he was not receiving

his full pay.

44. As a result, the various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

*Corporate Defendant and Individual Defendants are Joint Employers*

45. The Individual Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

46. At all relevant times herein, upon information and belief, the Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of the Corporate Defendant.

47. At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and/or signing or issuing checks to the Plaintiff, and by virtue of their position with the Corporate Defendant have been responsible for the proper management and handling of the payroll and payroll calculations for the Corporate Defendant.

48. At all relevant times, the Individual Defendants had operational control of the Plaintiff's employment by virtue of their financial control over the Corporate Defendant and over the Plaintiff's wages.

49. At all times herein, the Individual Defendants have conducted business as the Corporate Defendant.

50. At all times relevant herein, the Individual Defendants have acted for and on behalf of the Corporate Defendant, with the power and authority vested in them as officers, agents and

employees of the Corporate Defendant, and have acted in the course and scope of their duties and functions as an agents, employees and officers of the Corporate Defendant.

51. At all relevant times, the Individual Defendants had operational control over the Corporate Defendant.

52. Upon information and belief, the Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their position as controlling owners, shareholders, directors, officers and/or managers of the Corporate Defendant, have assumed personal liability for the claims of the Plaintiff herein.

53. As a matter of economic reality, all Defendants are joint employers of the Plaintiff and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of FLSA)

54. Plaintiff repeats and realleges each and every allegation previously made as if fully set forth herein.

55. Plaintiff is a person covered by, and intended to benefit from, the provisions of the FLSA in respect to his work for Defendant.

56. Pursuant to the FLSA, Plaintiff was entitled to certain overtime wages, which Defendants intentionally and willfully failed to pay in violation of such law.

57. Plaintiff regularly worked in excess of forty hours per week for Defendants, but did not receive the proper overtime premium rate of one-and-a-half times his regular rate for the

hours in excess of forty per week.

58. Accordingly, Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked, and wages actually paid to, Plaintiff, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of NYLL)

59. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

60. Plaintiff is a person covered by, and/or intended to benefit from, the provisions of the NYLL in respect to his work for Defendants.

61. Pursuant to the NYLL, Plaintiff is entitled to overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such law.

62. Plaintiff regularly worked in excess of forty hours per week for Defendants, but did not receive the proper overtime premium rate of one-and-a-half times his regular rate for the hours in excess of forty per week.

63. Accordingly, Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked, and wages actually paid to, Plaintiff, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the NYLL.

## THIRD CLAIM FOR RELIEF
### (Violation of the NYLL §195.1 against Defendants)

64. Plaintiff repeats and realleges each and every previous allegation as if fully set forth

herein.

65. New York Labor Law §195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

66. Plaintiff never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL §195.1 during the years 2011 through 2014.

67. Defendants were aware or should have been aware that this practice was in violation of New York Labor Law, but continued to willfully engage in this unlawful practice.

68. Upon information and belief, Defendants' violations are continuing through the present.

69. As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory damages of $25.00 or $50.00 per week up to $2,500.00 or $5,000.00 as provided for by NYLL §195.1.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

    a. unpaid overtime wages pursuant to the FLSA and NYLL;

    b. statutory damages of $25.00 or $50.00 per week up to $2,500.00 or $5,000.00 as provided for by NYLL §195.1;

    c. unpaid commissions under NYLL;

    d. liquidated damages pursuant to the FLSA and NYLL;

    e. pre-trial interest; and

    f. Plaintiff's costs and reasonable attorney's fees; and

Together with such other and further relief that the Court deems just and proper.

Dated: New York, NY
       May 11, 2017

                        ROBERT WISNIEWSKI P.C.

                        By: _____
                        Robert Wisniewski (RW-5308)
                        Robert Wisniewski, P.C.
                        Attorneys for Plaintiff
                        225 Broadway, Suite 1020
                        New York, New York 10007
                        (212) 267-2101